IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ET-15 LP TRANSCENDENT ELECTRA MGMT, *d/b/a Ark Homes for Rent*,<br><br>    Plaintiff,<br><br>v.<br><br>MYLES HENDERSON,<br><br>    Defendant. | CIVIL ACTION<br>NO. 1:25-cv-05781-WMR |

## ORDER

Defendant Myles Henderson, proceeding *pro se*, is attempting to remove this state court dispossessory action to federal court. The matter is currently before the Court for a preliminary review. For the reasons outlined below, the Court finds that it lacks subject matter jurisdiction and, therefore, this dispossessory action is REMANDED to the Magistrate Court of DeKalb County pursuant to 28 U.S.C. § 1447(c).

### I. PROCEDURAL HISTORY

Plaintiff initiated this dispossessory action against Defendant in the Magistrate Court of DeKalb County on or about August 29, 2025. [Doc. 3-1]. On October 8, 2025, Defendant filed a Petition for Removal which also includes requests for injunctive relief. [Doc. 3]. Defendant contends that this Court has

1

jurisdiction over the case because Plaintiff's dispossessory action violates 15 U.S.C. § 1692, Rule 60 of the Federal Rules of Civil Procedure, the Fourteenth Amendment of the United States Constitution, and certain state law. [Doc. 3 at 2].

## II. LEGAL ANALYSIS

It is the Court's duty to inquire into its subject matter jurisdiction *sua sponte* whenever it may be lacking. *Hernandez v. Att'y Gen.*, 513 F.3d 1336, 1339 (11th Cir. 2008). Based on the Court's review of the pleadings, the petition for removal is improper because the Court lacks subject matter jurisdiction over this dispossessory action and there is no basis for removal in this case.

Title 28, Section 1441(a) of the United States Code provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant … to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). District courts have original jurisdiction of civil cases that either present a federal question or that involve citizens of different states and exceed the $75,000 amount in controversy threshold. 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1332(a)(l) (diversity jurisdiction between citizens of different states). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "[I]n removal cases, the burden is on the party who sought removal

to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001) (citation omitted). "[U]ncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31F.3d 1092, 1095 (11th Cir. 1994).

Here, it is readily apparent that federal question jurisdiction is not present in this case. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. This rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (internal citation omitted). Potential defenses or counterclaims involving the Constitution or laws of the United States are ignored. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009); *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).

In this case, no federal question is presented on the face of Plaintiff's complaint because Plaintiff relied exclusively on state law when it initiated a dispossessory proceeding in the Magistrate Court of DeKalb County. [Doc. 3-1]. And, jurisdiction over the initiation and trial of a dispossessory action filed in Georgia lies entirely in the state court system. *See* O.C.G.A. § 44-7-50. There is also no indication that any exception to the well-pleaded complaint rule, such as the doctrine of complete preemption, applies in this case. *Caterpillar Inc.*, 482 U.S. at

393. Although Defendant contends that this case is removable because the dispossessory action violates 15 U.S.C. § 1692, Fed. R. Civ. P. 60, and the Due Process Clause of the Fourteenth Amendment [*see* Doc. 3 at 1–2], a federal question present in a counterclaim or defense is not a proper basis for removal of a complaint. *Pretka v. Kolter City Plaza II, Inc.*, 608 F .3d 7 44, 7 65 n.20 (11th Cir. 2010).

Nor do the facts asserted in this case support diversity jurisdiction. A party removing a case to federal court based on diversity of citizenship bears the burden of establishing that the citizenship of the parties is diverse and that the amount in controversy meets or exceeds the $75,000 threshold. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004); *Fowler v. Safeco Ins. Co. of Am.*, 915 F.2d 616, 618 (11th Cir. 1990). Neither Defendant's petition for removal nor Plaintiff's complaint includes any facts showing that the parties are diverse or that the $75,000 jurisdictional threshold is met. [*See* Doc. 3; Doc. 3-1]. Plaintiff is only seeking possession of the property, past due rent in the amount of $3,658.69, any additional rent accruing up to the date of judgment or vacancy at the rate of $2,329.20 per month, plus fees/costs. [Doc. 3-1].

Because Defendant has not established a basis for the Court to exercise jurisdiction upon removal, the Court concludes that the petition for removal is improper for lack of subject matter jurisdiction and, therefore, this dispossessory action should be remanded.

## III. CONCLUSION

For the above reasons, it is hereby **ORDERED** that this action is **REMANDED** to the Magistrate Court of DeKalb County pursuant to 28 U.S.C. § 1447(c). The Clerk of Court is directed to close this file.

**SO ORDERED**, this 31st day of October, 2025.

_____
WILLIAM M. RAY, II
United States District Court Judge
Northern District of Georgia